UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST C. FLENTALL-EL,

        Plaintiff,

vs.

        CASE NO. 10-13354
        HONORABLE GERALD E. ROSEN
        MAGISTRATE JUDGE WHALEN

RUO MOREY,

        Defendant.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Ernest C. Flentall-El is a state prisoner currently confined at Chippewa Correctional Facility in Kincheloe, Michigan. He has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The defendant is Mr. Morey, who is employed by the Michigan Department of Corrections as a resident unit officer at the G. Robert Cotton Correctional Facility in Jackson, Michigan. The complaint alleges that, on November 17, 2009, while Plaintiff was confined at the Cotton Correctional Facility, he asked defendant Morey for a pass to go to the property room because he left some legal work there three days earlier. Defendant Morey denied Plaintiff's request even after Plaintiff asked to speak with a sergeant. When Plaintiff stated that he intended to look for a lieutenant, defendant Morey directed a racial epithet at Plaintiff and stated that he did not care if Plaintiff found a captain.

Plaintiff alleges that defendant Morey's comment subjected him to racial and ethic intimidation and violated his rights under the Eighth Amendment. He seeks declaratory, injunctive, and monetary relief.

## II. Standard of Review

Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee if the complaint or any portion of it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Serv.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and footnote omitted).

## III. Discussion

Plaintiff has asserted a claim under the Eighth Amendment. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under

the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishments," the Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

Nevertheless, verbal abuse, harassment, and arbitrariness, without more, do not constitute cruel and unusual punishment, *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987) (per curiam), and "[t]he use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). The Court therefore concludes that Plaintiff's claim lacks an arguable basis under law and fails to state a claim for which relief may be granted. Accordingly, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

An appeal from this order would be frivolous and could not be taken in good faith. Consequently, Plaintiff may not proceed without prepayment of the fees and costs on appeal if he decides to appeal this decision. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: September 10, 2010

I hereby certify that a copy of the foregoing document was served upon Ernest C. Flentall-El, #215401, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 on September 10, 2010, by ordinary mail.

s/Ruth A. Gunther
Case Manager